PEOPLE *ex rel.* MEAKIM *et al.*, Com'rs of Excise, *v.* GIEGERICH, Clerk of the City and County of New York.

*(Supreme Court, Special Term, New York County.* May, 1891.)

FEES OF CITY CLERK.

    The clerk of the city and county of New York, having been designated by that title for years before the passage of Laws N. Y. 1857, c. 628, is the city clerk within the provision of section 23 of that act, that bonds taken pursuant thereto by excise commissioners, from applicants for licenses, shall, in cities, be filed "in the city clerk's office;" and such clerk is therefore entitled, for filing each such bond, to the fee of six cents allowed him by Code Civil Proc. N. Y. § 3304, for filing any paper required by law to be filed in his office other than is expressly provided for, no special fee being prescribed therefor by any statute.

At chambers. Application by Alexander Meakim and others, commissioners of excise of the city of New York, for a *mandamus* to Leonard A. Giegerich, clerk of the city and county of New York.

*Edward Browne,* for relators. *William H. Clark,* Corp. Counsel, for defendant.

LAWRENCE, J. This is an application for a *mandamus* to compel the clerk of the city and county of New York to take and file the bonds of applicants, which are given to the excise board, without charging any fee therefor. The county clerk refuses to take and file the bonds, basing such refusal upon section 3304 of the Code of Civil Procedure, which provides that "a county clerk is entitled, for the services specified in this section, except where another fee is allowed therefor by special statutory provision, to the following fees: * * * For filing any paper required by law to be filed in his office, other than is expressly provided for in this section, six cents; for filing any paper deposited with him for safe-keeping, six cents." The bonds which are the subject of this application were delivered to the relators, pursuant to section 23 of chapter 628 of the Laws of 1857, which provides that "every bond taken pursuant to the provisions of this act shall, within ten days after the execution of the same, be filed in the office of the clerk of the town or village in which the license shall be granted, and in the cities, in the city clerk's office." If, as the relators assert, the clerk of the city and county of New York is not the city clerk, it would be, as the counsel for the respondent contends, a short answer to this application to say that no right to a *mandamus* is shown, for the reason that no duty, under that construction of the statute of 1857, rests upon the county clerk to receive the bonds with or without the payment of fees. I think that it is manifest, however, that the clerk of the city and county of New York is the city clerk, within the meaning of the statute. The clerk of the county of New York had for years before the passage of the act of 1857 been designated as the clerk of the *city* and *county* of New York. He was both the *city* clerk and the *county* clerk. Const. 1821; Const. 1846. It could not have been intended by the legislature of 1857 that in this county, where so many bonds are required to be taken by the excise commissioners, there should be no place of deposit. It is plain to me that the legislature un-

derstood that, by the constitution, the county clerk of New York was also, as his official designation imports, the clerk of the city, and that with him the bonds taken by the relators under the act should be filed. I find no difficulty in holding, under this interpretation of the act of 1857, that the county clerk is entitled to receive the fee, upon the filing of each bond, which is prescribed by section 3304 of the Code of Civil Procedure. There is no other special fee prescribed by the act of 1857, nor by any other statute to which I have been referred, so as to bring the bonds in question within the exception contained in that section of the Code. Nor are these bonds excepted in any way from the operation of that section. The clerk is entitled to the fee for the filing of any paper other than those expressly provided for by this section, and he is entitled to the fee for any paper deposited with him for safe-keeping, and those fees, when received by him under the provisions of chapter 299 of the Laws of 1884, belong to the city. Whether it is anomalous to provide that fees shall be paid by one city officer to another for the benefit of the city treasury is a question with which the court has no concern. Regarding the provisions of the Code of Civil Procedure as imperative, and as embracing the bonds in question, I must deny this motion; but as it relates to public officers, and interprets a statute relating to a public duty, the denial will be without costs.